UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRUCKPRO HOLDING CORPORATION, *et al.*                    PLAINTIFFS

versus                                      CIVIL ACTION NO. 3:09cv439-WHB-LRA

CHRISTOPHER D. GARNER                                      DEFENDANT

## RULE 16.1(A) INITIAL ORDER

The above captioned cause is set for a **TELEPHONIC CASE MANAGEMENT CONFERENCE (CMC)** on **October 8, 2009 at 2:00 p.m.** before:

United States Magistrate Judge Linda R. Anderson
245 East Capitol Street, Suite 520
Jackson, MS  39201
anderson_chambers@mssd.uscourts.gov
*Telephone Number to use for Conference:  601-965-4528*

**Unless otherwise agreed, it shall be the responsibility of counsel for the plaintiff to set up the conference call at the scheduled time. Please note that the Court does not accept call-in instructions. Arrangements should be made to have all attorneys on the telephone and then a call shall be placed to the Judge.**

## RULE 16.1(B)(1) ATTORNEY CONFERENCE

No later than twenty one (21) days prior to the CMC, counsel shall confer, either in person or telephonically, regarding the following matters:

1. Identify the principal factual and legal issues in dispute;
2. Discuss the principal evidentiary basis for claims and defenses;

3. Determine the differentiated case management case track, days required for trial, and whether the case should be considered for Alternative Dispute Resolution (ADR);
4. Discuss when voluntary disclosure of documents or other information should be made pursuant to Rule 26.1 [no later than fourteen (14) days after the attorney conference, Local Rule 16.1(B)(7)];
5. Identify any motions whose early resolution would have significant impact on the scope of discovery or other aspects of the litigation;
6. Consistent with the case track recommendations, determine what additional discovery is required beyond the voluntary disclosures and initial depositions of the parties, with designated time limitations;
7. Discuss whether all parties consent to jurisdiction by a magistrate judge;
8. Discuss a time for the Local Rule 16.1(C) settlement conference;
9. Discuss settlement prospects fully with each other and their respective clients and represent to the Court that they have done so and communicate the costs of going through litigation and the appeal process with each's respective clients and represent to the Court that they have done so.
10. Discuss preparation of a proposed case management order . Scheduling deadlines based on the track designation should not be included in the proposed case management order.  All deadlines shall be determined at the telephonic case management conference.

## **PROPOSED CASE MANAGEMENT ORDER and CONFIDENTIAL SETTLEMENT MEMORANDA**

Counsel are instructed to submit a proposed case management order to the judge no later than fourteen (14) days after the attorney conference. By the same deadline, counsel shall also submit a memorandum (3 page maximum) setting forth a brief explanation of the case, and a candid appraisal of the respective positions, including possible settlement figures. Counsel will also furnish in their memorandum a good faith estimate of the expense of carrying the litigation through trial and the appellate process, if not settled, and will have discussed and will represent to the Court that they have so discussed these costs with their respective clients and will be prepared to candidly discuss them with the Court.  These memoranda are

**not** to be exchanged or filed with the Clerk of the Court and will be viewed only by the Court.  These will not become a part of the record and will be destroyed upon the resolution of the case.  Same should be sent to Anderson_Chambers@mssd.uscourts.gov.  Do not mail a separate copy.**The failure of any party to timely submit the proposed case management order and confidential memoranda may require attendance in person by all defaulting counsel at a case management conference.**

## CASE MANAGEMENT PLAN

At the conference, the Court and the parties shall:

1. Identify the principal factual and legal issues in dispute;

2. Identify the alternative dispute resolution procedure which counsel intend to use, or report specifically why no such procedure would assist in the resolution of the case;

3. Indicate whether all parties consent to jurisdiction by a magistrate judge;

4. Review the parties' compliance with their disclosure obligations and consider whether to order additional disclosures;

5. Determine whether to order early filing of any motions that might significantly affect the scope of discovery or other aspects of the litigation, and provide for the staged resolution, or bifurcation of issues for trial consistent with  42(b) Fed.R.Civ.P.;

6. Determine the plan for at least the first stage of discovery; impose limitations on each discovery tool, time periods and other appropriate matters;

7. Determine the date for the Local Rule 16.1(C) settlement conference or mediation;

8. Discuss scheduling and set appropriate scheduling deadlines including dates for settlement conference, completion of discovery, motions,  final pretrial conference and trial.

9. Verify that counsel are registered for electronic document filing and are familiar with the Administrative Procedures for Electronic Filing.

## CASE MANAGEMENT ORDER

A Case Management Order shall be entered by the Court within ten (10) days of the conference. A Uniform Case Management Order form and case management time lines have been developed and are available on the Court web site at www.mssd.uscourts.gov and as Form No. 1 in the revised Uniform Local Rules, effective November 1, 2004. The Uniform Local Rules are also available on the court website. Counsel shall use that format in discussions and preparation.

*s/ Linda R. Anderson*
UNITED STATES MAGISTRATE JUDGE

Dated: August 18, 2009